IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
|---|---|---|
| v. | : | DATE FILED _____ |
| ALEXANDER SANTIAGO | : | VIOLATIONS:<br>18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 1 count) |
| | : | 18 U.S.C. § 922(o) (possession of a machine gun – 1 count) |
| | : | 26 U.S.C. §§ 5845(a), 5861(d), and 5871 (possession of an unregistered machine gun– 1 count) |
| | : | 18 U.S.C. §§ 922(k), 924(a)(1)(B) (possession of a firearm with serial number removed, obliterated or altered – 1 count) |
| | : | 21 U.S.C. § 841(a)(1), (b)(1)C) (possession with intent to distribute heroin and cocaine base ("crack") – 1 count) |
| | : | 18 U.S.C. § 924(c)(1)(B)(ii) (possession of a firearm in furtherance of a drug trafficking crime – 1 count) |
| | : | Notice of Forfeiture |

**INDICTMENT**

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALEXANDER SANTIAGO,**

knowing that he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, at least one of the following: a Glock, Model 23, .40 caliber S&W, semi-automatic

pistol modified with a fully automatic selector switch, bearing serial number KFG-805, loaded with 14 live rounds of ammunition; a Glock, Model 17, 9mm semi-automatic pistol modified with a fully-automatic selector switch, bearing serial number YYW-254; a Taurus caliber .38 special Model Ultra-Lite revolver, bearing serial number DN84263, loaded with five live rounds of ammunition; and a Smith & Wesson Model 14, .357 caliber revolver, with its serial number obliterated; and the firearms were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## ALEXANDER SANTIAGO

knowingly possessed a machinegun, as defined by Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), that is, at least one of the following: a Glock, Model 23, .40 caliber S&W, semi-automatic pistol modified with a fully automatic selector switch, bearing serial number KFG-805, loaded with 14 live rounds of ammunition; and a Glock, Model 17, 9mm semi-automatic pistol modified with a fully automatic selector switch, bearing serial number YYW-254.

In violation of Title 18, United States Code, Section 922(o).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALEXANDER SANTIAGO**

knowingly possessed a firearm not registered to him in the National Firearms Registration and Transfer Record, that is, at least one of the following: a Glock, Model 23, .40 caliber S&W, semi-automatic pistol modified with a fully automatic selector switch, bearing serial number KFG-805, loaded with 14 live rounds of ammunition; and a Glock, Model 17, 9mm semi-automatic pistol modified with a fully automatic selector switch, bearing serial number YYW-254; which had been altered to fire fully automatically, that is, shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

In violation of Title 26, United States Code, Sections 5845(a), 5861(d), and 5871.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALEXANDER SANTIAGO**

knowingly possessed a firearm, that is, a Smith & Wesson Model 14, .357 caliber revolver, which had the serial number removed, obliterated, and altered, and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**ALEXANDER SANTIAGO**

knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 2, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## ALEXANDER SANTIAGO

knowingly possessed a firearm, that is, at least one of the following: a Glock, Model 23, .40 caliber S&W, semi-automatic pistol modified with a fully automatic selector switch, bearing serial number KFG-805, loaded with 14 live rounds of ammunition; a Glock, Model 17, 9mm semi-automatic pistol modified with a fully automatic selector switch, bearing serial number YYW-254; a Taurus caliber .38 special Model Ultra-Lite revolver, bearing serial number DN84263, loaded with five live rounds of ammunition; a Smith & Wesson Model 14, .357 caliber revolver, with its serial number obliterated; and an AR-15 type pistol, 5.56 x 45 caliber, with no serial number; in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), as charged in Count Five of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(B)(ii).

## NOTICE OF FORFEITURE 1

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 922(g)(1) and 924(c), set forth in this indictment, defendant

## ALEXANDER SANTIAGO

shall forfeit to the United States of America, the firearms and ammunition involved in the commission of these offenses, specifically:

(a)   a black Glock 17, 9mm semi-automatic pistol with full automatic conversion, bearing serial number YYW-254;

(b)   a 50-round 9mm Glock drum magazine loaded with nineteen live rounds of ammunition;

(c)   a Glock 23, .40 caliber semi-automatic pistol with full automatic conversion, bearing serial number KFG-805, loaded with a magazine containing fourteen live rounds of ammunition;

(d)   a Glock twenty-two round capacity extended .40 caliber magazine loaded with twenty-one live rounds of ammunition;

(e)   a Taurus .38 Special UltraLite revolver, bearing serial number DN84263 loaded with five live rounds of ammunition;

(f)   a Smith & Wesson .357 caliber black revolver with an obliterated serial number;

(g)   ninety-nine live .357 caliber rounds of ammunition;

(h)   a black Maxflo .223 suppressor model # MF3D223;

   (i) two boxes of Smith & Wesson .40 caliber ammunition totaling twenty-seven live rounds;

   (j) a box of Sig Sauer .38 caliber ammunition totaling ten live rounds; and

   (k) an AR-15 style .556/223 caliber black rifle with no serial number and "Punisher" markings with two thirty-round .556/.223 magazines and twenty live rounds of ammunition.

  All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

## NOTICE OF FORFEITURE 2

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 21, United States Code, Section 841(a)(1), set forth in this indictment, defendant

### ALEXANDER SANTIAGO

shall forfeit to the United States of America:

(a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(b) any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violation;

including but not limited to:

$2,412 United States Currency.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to

forfeiture.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

███████████
FOREPERSON

_Salvatore L. Astolfi for_
**WILLIAM M. MCSWAIN**
**UNITED STATES ATTORNEY**

11

No._____

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

ALEXANDER SANTIAGO

## INDICTMENT

### Counts

18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 1 count)
18 U.S.C. § 922(o) (possession of a machine gun – 1 count)
26 U.S.C. §§ 5845(a), 5861(d), and 5871 (possession of an unregistered machine gun– 1 count)
18 U.S.C. §§ 922(k), 924(a)(1)(B)(possession of a firearm with serial number removed, obliterated or altered – 1 count)
21 U.S.C. § 841(a)(1), (b)(1)C)(possession with intent to distribute heroin and cocaine base ("crack") – 1 count)
18 U.S.C. § 924(c)(1)(B)(ii) (possession of a firearm in furtherance of a drug trafficking crime – 1 count)
Notice of Forfeiture



Foreman

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $_____