# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-345 |
| ALEXANDER SANTIAGO | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

**I.     BACKGROUND**

The defendant, Alexander Santiago, was charged by indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of a machine gun, in violation of 18 U.S.C. § 922(o) (Count Two)[1]; possession of a non-registered machine gun, in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871 (Count Three); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count Four); possession with intent to distribute heroin and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Five); and possession of a firearm (machine gun) in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Six).   These charges arose out of the defendant's possession of firearms and controlled substances inside his home and a vehicle on May 2, 2019.

On November 2, 2021, defendant Santiago entered a guilty plea to Counts One through Five of the indictment pursuant to a written guilty plea agreement with the government. Pursuant to the agreement, the government has agreed to dismiss Count Six of the indictment at

---

[1] Count Two is a lesser included offense of Count Three, therefore when sentencing the defendant the government requests that the Court impose a sentence on Count Two, and impose no sentence on Count Three.

the time of sentencing.[2]

Mr. Santiago is scheduled to be sentenced on April 12, 2022. The Probation Office calculated the defendant's total advisory sentencing guideline range to be 188-235 months' imprisonment, based on an offense level of 31 and a criminal history category of VI. The government agrees with this calculation. The government requests that the Court sentence the defendant to a term of imprisonment within the advisory sentencing guideline range.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

**Count One**

Possession of a firearm by a felon (18 U.S.C. § 922(g)(1)): 10 years' imprisonment, a $250,000 fine, three years' supervised release, and a $100 special assessment.

**Count Two**

Possession of a machine gun (18 U.S.C. § 922(o)): 10 years' imprisonment, a $250,000 fine, three years' supervised release, and a $100 special assessment.

**Count Three**

Possession of an unregistered machine gun (21 U.S.C. § 5845(a), 5861(d), and 5871): 10 years' imprisonment, a $250,000 fine, three years' supervised release, and a $100 special assessment, on each count.

**Count Four**

Possession of a firearm with serial number removed, altered, or obliterated (18 U.S.C. §§ 922(k)): five years' imprisonment, three years supervised release, a $250,000 fine, and a $100 special assessment.

**Count Five**

Possession with intent to distribute cocaine base ("crack") and heroin (21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)): 30 years imprisonment, a $2,000,000 fine, 6 years' supervised release, and a $200 special assessment.

---

[2] Count Six of the indictment carried a mandatory minimum sentence of 30 years' imprisonment up to a maximum of lifetime imprisonment.

**Total Maximum and Mandatory Minimum Sentence:** 65 years' imprisonment, a mandatory minimum 6 years of supervised release up to lifetime of supervised release, $3,000,000 fine, and a $500 special assessment. Forfeiture of all firearms and ammunition involved in the commission of the offenses, any property used or intended to be used to facilitate the commission of the offenses, and any property constituting or derived from proceeds obtained directly or indirectly from the commission of the offenses also may be ordered.

B. **Sentencing Guidelines Calculation**

Mr. Santiago has a total offense level of 31 and a criminal history category of VI. This results in an advisory sentencing guidelines range of 188-235 months' imprisonment. PSR ¶¶ 27-41, 47-49, 91.

III. **ANALYSIS**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. §§ 3553(a) suggests that this Court should accept the advisory sentencing guideline range calculated by the Probation Department and impose a sentence of imprisonment within that range.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[3]

**Consideration of the 3553(a) Factors.**

**(1)** **The nature and circumstances of the offense and the history and characteristics of the defendant.**

The defendant engaged in serious criminal activity, possessing illegal narcotics and firearms (including two modified fully automatic machineguns with extended magazines) after having been convicted/adjudicated delinquent of criminal offenses involving drug possession and distribution, among others. The evidence developed during the investigation clearly demonstrates that Santiago was engaged in dangerous criminal activity that placed not only himself in danger, but those around him as well, including his live-in girlfriend and her young children. Also, Santiago was a fugitive for 2017 drug distribution charges and probation violations stemming from a prior drug conviction when the instant offense occurred. In fact on May 2, 2019, the United States Marshal Service executed the fugitive arrest warrant and located Santiago in his girlfriend's home. A subsequent search of the home and Santiago's vehicle

---

[3] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

revealed the firearms and illegal narcotics with which Santiago was charged and pleaded guilty to.

Santiago is 41 years old and is no stranger to the criminal justice system. Since the age of 17, he has accumulated five criminal convictions/adjudications and five additional arrests, one of which was for a felony drug offense and is still pending in the Philadelphia Court of Common Pleas. His adult convictions include two felony drug offenses, a drug possession offense and a contempt of court offense. His juvenile adjudication was for possession of a controlled substance. Mr. Santiago's criminal history spans nearly 24 years and he remains undeterred.

Having engaged in serious offenses in the instant case, and considering his lengthy criminal history, involving similar offenses, there is no question that the significant jail sentence recommended by the government and called for by the advisory sentencing guidelines is appropriate.

**(2)** **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The offenses charged in the indictment are serious. The Court is well aware of the damage and destruction caused by illegal drugs and the illegal possession of firearms. Drug use and distribution have plagued society for many years. The destruction of lives is obvious and well documented. In addition, firearms in the wrong hands, including the hands of drug traffickers, also destroy lives, especially high-powered machineguns with extended magazines like two of the five firearms possessed by Santiago. The collateral consequences of illegal narcotics distribution and firearms possession are wide ranging and include violence that continues to impact our society, and destroy entire communities. Although there is no evidence of specific incidents of violence in this case, Santiago's actions certainly had the potential to contribute to the pain and heartache suffered by many.

Santiago at the age of 41 has already been through the criminal system numerous times. Clearly his life was on the wrong path for many years. Even after serving a state sentence of three to six years following his conviction for a felony drug offense, a sentence he completed when he was 30 years old, Santiago chose to return to a life of crime and continued to engage in the same type of criminal activity, ultimately leading to the charges in this case. The Court's sentence in this case must account for the serious nature of Santiago's offenses and encourage him to respect the law rather than ignore it as he has done his entire adult life.

**(3)** **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

There is no doubt that the Court's sentence in this case must deter others like Santiago who would consider engaging in similar serious criminal conduct. Thus the need for general deterrence is great. Also, Santiago must be deterred from considering engaging in criminal activity in the future. It is time for his 24-year involvement in criminal activity to come to an end. The Court's sentence in this case must serve as a reminder to Santiago that this is the end of the road for his criminal lifestyle. The recommended sentence will be a clear reminder to Santiago that it is time to turn his life around and that there is no option other than obeying the laws of our society moving forward.

**(4)** **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

As reported in the PSR, Santiago only completed the 7th grade while residing in Puerto Rico. After coming to Philadelphia in 1995, he chose not to continue his education, and instead sought employment. The defendant never obtained his GED but indicated to the Probation Officer that he is interested in doing so. He has a wide range of employment experience including jobs at a country club, a restaurant, a gas station, and most recently, and perhaps most

significantly, as an independent construction contractor. Based on his experience as an independent contractor, it appears that he possesses some technical skills which would enable him to become a productive member of society following his release from prison. Also, obtaining his GED while incarcerated will enable him to better reintegrate into society upon his eventual release from prison.

Santiago has a long history of drug abuse. He began smoking marijuana at a young age, but, according to Santiago, he did not enjoy it so he only used marijuana sporadically. PSR ¶ 76. However, in 1998, while only 17 years old, Santiago began snorting heroin and quickly became addicted. He continued using heroin until his arrest in 2019. PSR ¶ 77. He also experimented with cocaine base ("crack") and abused Percocet. PSR ¶ 78. The PSR does not reveal any history of drug or alcohol treatment. Thus, the government requests that the Court impose conditions that would require Santiago to undergo substance abuse treatment while incarcerated and continue treatment upon his release from prison. In our view, this will also assist him with reintegration into society upon his release from prison.

**(5)** **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

This Court is used to seeing serious offenses committed by defendants with serious criminal histories. In this regard Santiago is no different than many others in the federal criminal justice system. Santiago's prior criminal history coupled with his current offenses of conviction certainly suggest the need for a significant prison sentence consistent with the applicable advisory sentencing guidelines range. Other factors including his history of drug abuse and lack of any treatment, when considered with the overall sentencing scheme seem to indicate that the imposition of a sentence within the advisory sentencing guideline range will avoid a sentencing disparity among other similarly situated defendants and afford Santiago an

opportunity to straighten out his life.

**(6)** **<u>Forfeiture.</u>**

The government has filed a motion for a preliminary order of forfeiture in which we seek to forfeit the firearms, ammunition and related items, and currency seized from Santiago at the time of his arrest. Pursuant to his guilty plea agreement with the government, Santiago has agreed to forfeit all of the items identified in the Notice of Forfeiture in the indictment.

## IV. CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the acceptance by the Court of the advisory sentencing guidelines range as calculated by the Probation Office and the imposition of a sentence within that range.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney


*/s Brendan O'Malley*
BRENDAN O'MALLEY
Special Assistant United States Attorney


*/s Salvatore L. Astolfi*
SALVATORE L. ASTOLFI
Assistant United States Attorney
Deputy Chief, Criminal Division

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by the district court clerk's electronic filing system upon:

JONATHAN MCDONALD, ESQUIRE
1325 Spruce Street
Philadelphia, PA 19107
mcdonald@mcdonaldwilson.com


        /s *Salvatore L. Astolfi*
SALVATORE L. ASTOLFI
Assistant United States Attorney
Deputy Chief, Criminal Division

Dated:   April 6, 2022